IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER,<br><br>         Plaintiff,<br><br>    v.<br><br>MUNIZ, et al.,<br><br>         Defendants.<br>_____ | No. C 14-3525 JSW (PR)<br><br>**ORDER OF DISMISSAL;**<br>**DENYING MOTION FOR**<br>**INTERVENTION**<br><br>(Dkt. 7) |

## INTRODUCTION

Anthony R. Turner, a prisoner of the State of California, filed this pro se civil rights complaint under 42 U.S.C. § 1983 on behalf of a class of other inmates. For the reasons discussed below, the complaint is dismissed without prejudice. The application to proceed *in forma pauperis* is granted in a separate order.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

This case may not proceed as a class action.  Pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself").  Consequently, the claims that Defendants, officials at Salinas Valley State Prison, are violating the rights of the class of the inmates at that institution by denying them adequate medical care, law library access, office supplies and photocopies, communication with family members, and safety and protection, are dismissed.

Furthermore, Turner claims that Defendants are violating orders in various class actions.  The complaint seeks an order holding Defendants in contempt and enjoining them from violating such orders, as well as money damages.  An individual suit for injunctive and equitable relief from allegedly unconstitutional prison conditions may be dismissed when it duplicates an existing class action's allegations and prayer for relief. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).  To the extent Turner seeks relief based upon the violation of orders issued in other cases, he must do so in those cases, not in a separate action of his own.

1    Turner also presents claims that Defendants are improperly processing
2    administrative appeals.  Such claims are not cognizable under Section 1983 because there
3    is no constitutional right to a prison administrative appeal or grievance system.  *See*
4    *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).
5    Plaintiff may not bring a class action, enforce orders from other cases in a separate
6    case of his own, obtain declaratory or injunctive relief on the basis of claims covered in
7    pending in pending class actions, or bring claims based on improper processing of
8    administrative appeals.  Accordingly, the instant case is dismissed without prejudice to
9    Plaintiff bringing claims on his own behalf, claims for money damages, or claims
10   injunctive or other equitable relief to the extent they are not covered by a pending class
11   action.  He

**CONCLUSION**

13   For the reasons set out above, this action is DISMISSED without prejudice.  In
14   light of the separate order granting him leave to proceed in forma pauperis, Plaintiff's
15   motion for Court intervention in prison officials' releasing trust account information is
16   DENIED as unnecessary.
17   The Clerk shall close the file and enter judgment.
18   IT IS SO ORDERED.
19   DATED:  October 7, 2014

JEFFREY S. WHITE
United States District Judge

|   |   |   |
|---|---|---|
| 1 | | UNITED STATES DISTRICT COURT |
| 2 | | FOR THE |
| 3 | | NORTHERN DISTRICT OF CALIFORNIA |

ANTHONY RECARDO GONZALES-TURNER,

        Plaintiff,

v.

MUNIZ et al,

        Defendant.

Case Number: CV14-03525 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 7, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Recardo Gonzales-Turner G-27511
Salinas Valley State Prison (1050)
Mental Health Department
P.O. Box 1050
Soledad, CA 93960-1050

Dated: October 7, 2014

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk